IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

DANA WRIGHT,

          Petitioner,

v.                    CIVIL ACTION NO. 5:04-cv-001086

WARDEN MARTY ANDERSON,

          Respondent.

**MEMORANDUM OPINION**

Pending before the Court is Petitioner's Application Under 28 U.S.C. § 2241 for Writ of Habeas Corpus [Docket 1]. On February 5, 2000, Petitioner was sentenced to seventy months of imprisonment for possessing with the intent to distribute a controlled substance in violation of 18 U.S.C. § 841(a)(1). On October 7, 2004, Petitioner filed his petition challenging the execution of his sentence. By Standing Order [Docket 3], this case was originally referred to United States Magistrate Judge R. Clarke VanDervort for submission of a Proposed Findings and Recommendation.[1] To expedite this case's disposition, the Court hereby **VACATES** the Standing Order [Docket 3], only as applied to this case.

*I. BACKGROUND*

In the United States District Court for the Northern District of West Virginia, Petitioner pled guilty to one count of possession with intent to distribute a controlled substance in violation of 21

---

[1] The case was originally assigned to Chief Judge David A. Faber, however, on April 17, 2006, the case was reassigned to the undersigned judge. (Docket 5.)

U.S.C. § 841(a)(1), and was thereafter sentenced on February 5, 2000 to seventy months of imprisonment. While incarcerated, Petitioner was accepted into the Residential Drug and Alcohol Program (RDAP). Upon successfully completing that program, Petitioner was awarded[2] a one year reduction in sentence pursuant to 18 U.S.C. § 3621(e)(2)(B).

On March 10, 2004, Petitioner was sent to a Community Correctional Center in Charleston, West Virginia, to await his anticipated release date of September 3, 2004. On May 20, 2004, however, Petitioner was charged with using drugs not prescribed by a physician in violation of Prohibited Act 112 of the prison disciplinary code. He was afforded a hearing before the Community Discipline Committee (CDC) on May 31, 2004. The CDC, relying on a report prepared by Redwood Toxicology Laboratory indicating that Petitioner had tested positive for Methamphetamine and Amphetamine, found Petitioner guilty of the violation, revoked his one year reduction in sentence, and ordered his return to FCI Beckley on June 7, 2004.

Petitioner's allegations concerning the events that transpired after that date are difficult to follow. He alleges that on June 2, 2004, he requested information on the appeals process and on the decision of the Discipline Hearing Officer (DHO), and that "[s]everal attempts . . . to appeal the finding of guilt were unsuccessful." (Docket 2 at 3.) He next asserts, however, that the Bureau of Prisons (BOP) delayed in providing him with the necessary materials for his appeal, but that he was eventually given a disciplinary packet on August 4, 2004. When he finally filed his appeal on August 18, 2004, however, it was denied as untimely.

---

[2] The reduction in sentence is not mandatory. The language of the statute indicates that "[t]he period a prisoner convicted of a nonviolent offense remains in custody after successfully completing a treatment program *may* be reduced by [up to one year by] the Bureau of Prisons[.]" 18 U.S.C. § 3621(e)(2)(B) (emphasis added).

*II. ANALYSIS*

*A.     Mootness*

Article III, Section 2 of the United States Constitution provides that federal courts may adjudicate only live cases or controversies. *See Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990). This means that the "litigant must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Id.* (citations omitted). In the context of a habeas corpus proceeding, the writ "does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody.*" Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484, 494-95 (1973).

The Bureau of Prisons' Inmate Locator indicates that Petitioner was released from custody on August 31, 2005. Petitioner's claim, however, is not rendered moot by virtue of his release; his supervised release beginning and end dates may be affected should the Court resolve the case in his favor. *See McClain v. Bureau of Prisons*, 9 F.3d 503, 505 (6th Cir. 1993); *United States v. Smith*, 991 F.2d 1468, 1470 (9th Cir. 1993); *United States v. Williams*, No. 93-6060, 1993 WL 359403, at \*1 (4th Cir. Sept. 2, 1993). Thus, the Court proceeds to the merits of the case.

*B.     Exhaustion of Administrative Remedies*

Before filing a petition for a writ of habeas corpus pursuant to § 2241, federal prisoners are required to exhaust all available administrative remedies within the prison system. *Cf. Pelissero v. Thompson*, 170 F.3d 442, 445 (4th Cir. 1999); *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994). Here, Petitioner failed to timely appeal the DHO's decision. That failure constitutes a procedural default rendering him unable to exhaust his administrative remedies and thus barring this Court's review of his habeas petition. *See Moscato v. Fed. Bureau of Prisons*, 98 F.3d 757, 760-61 (3d Cir. 1996).

Petitioner's failure to exhaust his administrative remedies may be excused, however, if he can demonstrate "cause and prejudice." *Id.* at 761; *Sanchez v. Miller*, 792 F.2d 694, 699 (7th Cir. 1986).

Petitioner has alleged that the BOP's delay in providing him with the necessary materials caused his appeal to be dismissed as untimely. Although Petitioner has offered no evidence in support of that allegation, the Court will take the allegation to be true for purposes of this analysis. Even assuming that the BOP's delay caused him to be unable to exhaust his administrative remedies, however, Petitioner suffered no prejudice because, as shown below, he has no liberty interest such that due process is required before the reduction in sentence may be revoked.

  *C.* *Due Process*

Petitioner alleges that he was denied his Fifth Amendment right to due process because the BOP did not timely provide him with information regarding his appeal, causing his appeal to be dismissed as untimely. Although the Fifth Amendment prohibits the federal government from depriving any person of "life, liberty, or property, without due process of law," U.S. Const. Amend. V, Petitioner must establish a deprivation of a cognizable liberty interest before he can prevail on a Fifth Amendment due process claim. *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979). The range of protected liberty interests for defendants convicted and confined in prison, however, is significantly reduced for their period of incarceration. *Gaston v. Taylor*, 946 F.2d 340, 343 (4th Cir. 1991). The fact of conviction implies the prisoner's transfer of his liberty to prison officials, who have broad discretion to administer the sentence. *Id.* at 343. Nevertheless, "confinement to prison does not strip a prisoner of *all* liberty interests." *Id.* (emphasis added).

An inmate holds a cognizable liberty interest in those rights to which he has a legitimate claim of entitlement. *See Greenholtz*, 442 U.S. at 7 (citation omitted). Courts have consistently

held, however, that there is no claim of entitlement to, and thus no protectible liberty interest in, a provisional early release date awarded under 18 U.S.C. § 3621(e) because the reduction may be granted only at the unfettered discretion of BOP staff.  *See Cook v. Wiley*, 208 F.3d 1314, 1322 (11th Cir. 2000); *accord Fristoe v. R.G. Thompson*, 144 F.3d 627, 630 (10th Cir. 1998); *accord Orr v. Hawk*; 156 F.3d 651, 654 (6th Cir. 1988).  Thus, Petitioner has no legitimate claim of entitlement to his sentence reduction awarded under 18 U.S.C. § 3621(e).  Rather, upon completion of the Drug Abuse Program, Petitioner's interest in early release was, at best, provisional.  Therefore, because Petitioner has shown no deprivation of a liberty interest protected by the Fifth Amendment's due process clause, his claim fails as a matter of law.

### III.  CONCLUSION

For the reasons stated above, Petitioner is unable to point to any vested liberty interest upon which he may base his due process claim.  Thus, the claim fails as a matter of law and the petition must be dismissed.  A separate Judgment Order will enter this day implementing the rulings contained herein.

ENTER:     February 29, 2008

_____
THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE